IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**HYUNG J. KIM,**

    Plaintiff,

    v.      Civil No. SAG-25-3042

**SAVAL FOOD SERVICE, LLC**, *et al.*,

    Defendants.

**MEMORANDUM OPINION**

Plaintiff Hyung J. Kim ("Plaintiff"), who is self-represented, filed this lawsuit against his former employer, Defendant Saval Food Service, LLC[1] ("SFS") and Andrew Wellman ("Wellman," and collectively, "Defendants"), seeking to recover damages he suffered in the course of his employment and subsequent termination. ECF 1. SFS and Wellman each filed a motion to dismiss Plaintiff's Complaint for failure to state a claim, ECF 7 (SFS) and ECF 8 (Wellman). Plaintiff filed an opposition to SFS's motion, ECF 11, and Defendants filed a joint reply, ECF 12. This Court has reviewed all of the briefing and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, Defendants' motions to dismiss will be GRANTED and Plaintiff's complaint will be dismissed without prejudice.

---

[1] Plaintiff named the defendant as "Saval Food LLC" in the summons. ECF 1-2. In SFS's own filings, while it suggests that Plaintiff's name is incorrect, it does not consistently identify its own name. *Compare* ECF 7-1 at 1 (referring to "Defendant, Saval Food Service, LLC") *with* ECF 12 at 1 (listing that defendant as "Saval Foods, LLC trading as Saval Foodservice"). SFS should confirm its proper name on the docket so that it can be corrected.

**I. FACTUAL BACKGROUND**

The following facts are derived from Plaintiff's complaint and the attached EEOC filing, liberally construed by the Court. ECF 1, 1-4. SFS hired Plaintiff, who is Asian/Pacific Islander and identifies his national origin as South Korean, as a 1932 Produce and Specialty Driver in February, 2023. ECF 1-4 at 2, 3. That position is paid as an hourly driver, although Plaintiff was trained and operated in the same manner as Saval Delivery Drivers, who are paid on a higher pay schedule. *Id.* at 2. Plaintiff's multiple queries about the pay differential were dismissed by his supervisor, Wellman. *Id.*

At some point, Plaintiff was injured on the job and was out of work for six weeks. ECF 1 at 5. SFS denied his worker's compensation claim and failed to provide reasonable accommodations. *Id.* at 6. Plaintiff attempted to have a comprehensive vision examination to renew his medical Department of Transportation (DOT) card. ECF 1-4 at 2. Plaintiff provided daily updates to the Assistant Transportation Manager about his vision exam. *Id.* However, on February 28, 2025, SFS terminated Plaintiff's employment. ECF 1 at 6. When he filed for unemployment, SFS told the Department of Labor that Plaintiff "quit." *Id.*

Plaintiff alleges that he was discriminated against because of his race and national origin with respect to his wages and termination. ECF 1-4 at 3. He further alleges that he was denied a reasonable accommodation while seeking his medical DOT card. *Id.* In his complaint, he also makes reference to retaliation and defamation. ECF 1 at 5.

**II.    LEGAL STANDARDS**

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a

defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is

improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). A court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). Ultimately, "[a] court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Civ. No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1997) (Luttig, J., concurring in judgment); *Weller*

*v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a self-represented plaintiff. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M.D. v. Sch. Bd. of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

### III.   ANALYSIS

Plaintiff's complaint asserts multiple causes of action and legal theories but provides only sparse factual allegations. With respect to his claims that he received discriminatory treatment on the basis of his race or national origin, Plaintiff has not stated a claim because he has not alleged any facts plausibly suggesting that those factors motivated his employer's decisions or that persons of different races or national origins were treated differently. He identifies his own race and national origin but provides no other assertions to suggest that those factors played any role in SFS's decision to hire and pay him as an hourly driver or in its later decision to terminate his employment.

Similarly, Plaintiff asserts that SFS failed to accommodate his disability in violation of the Americans with Disabilities Act ("ADA"). But he has not alleged any facts suggesting that he has or had a qualifying disability under that act. "An individual is disabled under the ADA . . . if he or she: (1) has a physical or mental impairment that substantially limits one or more of the individual's major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment." *Davis v. University of North Carolina*, 263 F.3d 95, 99 (4th Cir. 2001); *see also* 42 U.S.C. § 12102(1). Other than references to an unspecified on-the-job injury, ECF 1 at 5, and a comprehensive vision examination, ECF 1-4 at 2, Plaintiff has alleged no facts

about the nature of his alleged disability. As he has not pleaded facts plausibly suggesting that he is entitled to the ADA's protections, he has not plausibly stated a failure to accommodate claim.

While Plaintiff asserts a claim for "retaliation," he has not specified the statutory basis for that claim or the protected activity he claims to have engaged in. Without further specifying the nature of his claim and the facts to support it, he has not plausibly stated a retaliation claim under the *Twombly* standard.

Finally, Plaintiff tries to claim defamation based on statements SFS made to the Department of Labor regarding his unemployment application. Defamation requires "(1) that the defendant made a defamatory statement to a third person, (2) that the statement was false, (3) that the defendant was legally at fault in making the statement, and (4) that the plaintiff thereby suffered harm." *Offen v. Brenner*, 402 Md. 191, 198, 935 A.2d 719, 723–24 (2007) (citing *Smith v. Danielczyk*, 400 Md. 98, 115, 928 A.2d 795, 805 (2007)). "A defamatory statement is one 'which tends to expose a person to public scorn, hatred, contempt or ridicule, thereby discouraging others in the community from having a good opinion of, or associating with, that person.'" *Id.* at 198–99, 935 A.2d at 724 (quoting *Gohari v. Darvish*, 363 Md. 42, 55, 767 A.2d 321, 327 (2001)). Plaintiff's sole assertion is that SFS told the Department of Labor that he "quit" when he actually was terminated. A defamation claim premised on that statement cannot lie because the term "quit" is not defamatory. *See, e.g.*, *Aldina v. Meridian Grp. DC, LLC*, No. 1:24-CV-1957 (RDA/IDD), 2025 WL 2424051, at *6 (E.D. Va. Aug. 21, 2025) ("[C]ourts recognize that a statement that someone 'quit' is not capable of defamatory meaning."); *San Antonio Express News v. Dracos*, 922 S.W.2d 242, 248 (Tex. App. 1996) (holding the statement that someone quit is not actionable because it "does not charge plaintiff with the commission of a crime or the violation of any law... [and i]t accuses him of absolutely nothing except what he had a right to do"); *Mann v. City of Tupelo*, No.

1:93CV107–B–D, 1995 WL 1945433, at *14 (N.D. Miss. Apr. 13, 1995) (dismissing a defamation claim because the statement "plaintiff voluntarily quit her employment is not one that would expose her to public hatred, contempt or ridicule"). Plaintiff therefore has not stated a defamation claim.

In addition to the reasons summarized above, Plaintiff's only allegation of any actions taken by Wellman involves his disregarding Plaintiff's complaints about pay differential between hourly and Saval Delivery Drivers. Plaintiff has not alleged that he mentioned possible discrimination in those complaints. Accordingly, even if Wellman could be individually liable for some conduct, Plaintiff has not alleged that Wellman took any potentially actionable actions.

Because Plaintiff has not, at this stage, stated any claim plausibly entitling him to relief against either defendant, both Defendants' Motions to Dismiss, ECF 7 and ECF 8, are granted and Plaintiff's claims are dismissed without prejudice. Administratively, this case will be closed, subject to reopening should Plaintiff file a motion seeking leave to amend his complaint to add additional factual allegations within thirty days of this opinion. A separate Order follows.

Dated: December 19, 2025                           /s/
                                          Stephanie A. Gallagher
                                          United States District Judge