**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **HYUNG J. KIM,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil No. SAG-25-3042** |
| **SAVAL FOOD SERVICE, LLC, *et al.*,** | * | |
| **Defendants.** | * | |

* * * * * * * * * * * * *

## MEMORANDUM OPINION

Plaintiff Hyung J. Kim ("Plaintiff"), who is self-represented, filed a Second Amended Complaint ("SAC") in this lawsuit against his former employer, Defendant Saval Foods, LLC ("SF") and Andrew Wellman ("Wellman," and collectively, "Defendants"), seeking to recover damages he suffered in the course of his employment and subsequent termination. ECF 30-1. SF and Wellman filed a motion to dismiss the SAC for failure to state a claim, ECF 33. Plaintiff filed an opposition to SF's motion, ECF 35, and Defendants filed a reply, ECF 36. Plaintiff also filed a contested motion to file a surreply, ECF 37, 38, which will be granted.[1] This Court has reviewed all of the briefing and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, Defendants' motion to dismiss will be GRANTED and Plaintiff's complaint will again be dismissed without prejudice.

[1] This Court has considered the surreply and does not find the arguments made therein to be material to its disposition of the primary motion, which focuses on the sufficiency of the SAC. It is permitting the surreply to be filed purely to ensure the most complete record.

## I. FACTUAL BACKGROUND

The following facts are derived from Plaintiff's Second Amended Complaint ("SAC") and liberally construed by the Court. ECF 30-1. Plaintiff "was employed by Defendant"[2] from February 20, 2023 to February 28, 2025 as a "1932 Produce and Specialty Driver." *Id.* ¶ 4. Plaintiff alleges that he "is a member of one or more protected classes, include [sic] race, national origin" and suffered an on-the-job injury in December, 2024, rendering him disabled. *Id.* ¶ 8.

Plaintiff asserts that he worked under similar working conditions and was subject to the same supervision and performance expectations as Saval Food Delivery Drivers at the same location but was paid approximately $15,000 less than those drivers. *Id.* ¶¶ 10–12.

On October 4, 2023, Plaintiff's supervisor, Wellman, accused Plaintiff of sexually harassing female customers without conducting an investigation. *Id.* ¶ 16. On June 19, 2024, Wellman falsified an accident report so that he could deduct $500 from Plaintiff's wages. *Id.* ¶ 17. And on an unspecified date, Wellman asked Plaintiff "to fill out new job applications after 2 years of services at Saval." *Id.* ¶ 18.

On December 2, 2024, Plaintiff suffered a workplace job injury, which he promptly reported. *Id.* ¶¶ 23–24. Two days later, he asked HR for medical attention and treatment, which he did not receive. *Id.* ¶ 25. His workers' compensation claim was denied, though he had a hearing on April 2, 2025. *Id.* ¶¶ 26, 31. Plaintiff was out of work until January 17, 2025 at his doctors' orders. *Id.* ¶ 28. Plaintiff alleges that Defendant "was on notice of Plaintiff's disability" and "failed

[2] One of the problems with Plaintiff's SAC is that it defines both SF and Wellman as "Defendant." ECF 30-1 ¶¶ 5, 6. Any amended complaint should call each defendant by a different name so that this Court can tell which defendant committed a particular action. Additionally, the SAC seems to suggest that 1932 Produce and Specialty exists at a different location than Saval Food. *Id.* ¶ 12. The relationship between these entities, and which entity employed Plaintiff, should be explained in any amended complaint. Simply stating that "Defendant" employed Plaintiff does not clarify the question.

to engage in the required interactive process." *Id.* ¶¶ 29–30. Plaintiff also alleges, without factual support, that "Defendant denied reasonable accommodations and discriminated against Plaintiff because of disability and/or perceived disability." *Id.* ¶ 32.

In February of 2025, Plaintiff attempted to have a comprehensive vision examination to renew his medical Department of Transportation (DOT) card after it had expired. *Id.* ¶¶ 34–35. Plaintiff informed SF that he had a doctor's appointment on February 28, 2025. *Id.* ¶ 37. On February 20, 2025 and February 26, 2025, Wellman threatened Plaintiff with a pay cut and termination. *Id.* ¶¶ 38–39. His employment was terminated via telephone on February 28, 2025. *Id.* ¶ 40. During subsequent unemployment proceedings, SF falsely claimed that Plaintiff "quit" of his own free will. *Id.* ¶ 42.

The SAC asserts four claims: violation of the Fair Labor Standards Act ("FLSA"), harassment and hostile work environment, disability discrimination and failure to accommodate, and retaliation and wrongful termination. ECF 30-1.

## II. LEGAL STANDARDS

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the

claims and the “grounds” for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to “state a claim to relief that is plausible on its face.” *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) (“Our decision in *Twombly* expounded the pleading standard for ‘all civil actions’ . . . .”); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But a plaintiff need not include “detailed factual allegations” in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules “do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted.” *Johnson v. City of Shelby*, 574 U.S. 10 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter’s Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than “labels and conclusions” or “a formulaic recitation of the elements of a cause of action,” it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth “enough factual matter (taken as true) to suggest” a cognizable cause of action, “even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely.” *Id.* at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court “must accept as true all of the factual allegations contained in the complaint” and must “draw all reasonable inferences [from those facts] in favor of the plaintiff.” *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). A court is not

required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). Ultimately, "[a] court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Civ. No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1997) (Luttig, J., concurring in judgment); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a self-represented plaintiff. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M.D. v. Sch. Bd. of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

## III. ANALYSIS

This Court will address each of Plaintiff's legal claims in turn.

### A. Fair Labor Standards Act

This Court is unable to tell, from the SAC, what provision of the FLSA Plaintiff alleges was violated by Defendants' conduct. This Court is unaware of a general "equal pay for equal work provision" that might apply in this context. There are many circumstances in which persons performing similar work are permissibly paid at different rates, whether because of contractual obligations, seniority, or differing qualifications. Accordingly, Plaintiff's FLSA claim must be dismissed because it does not fairly inform Defendants of the nature of his claim.

### B. Harassment and Hostile Work Environment (Title VII)

All of the factual allegations in this section of Plaintiff's SAC refer to acts by Wellman. ECF 30-1 ¶¶ 16–18. However, the law is clear that a Title VII claim cannot be asserted against a supervisor. *See Lissau v. S. Food Serv.*, 159 F.3d 177, 180 (4th Cir. 1998) ("[S]upervisors are not liable in their individual capacities for Title VII violations.") Thus, to the extent that Plaintiff intended to assert his Title VII-based claims against Wellman, they must be dismissed.

As to SF, Plaintiff has not pleaded facts sufficient to establish a Title VII hostile work environment/harassment claim. Such a claim requires, in relevant part, a plaintiff to prove unwelcome conduct based on the plaintiff's protected status. *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 117 (4th Cir. 2021). Not only does this iteration of Plaintiff's complaint fail to identify what his protected status is, but the alleged harassing actions he lists bear no relationship to his race, national origin, or any other protected status. A "merely unpleasant working environment" does not suffice. *Hopkins v. Balt. Gas & Elec. Co.*, 77 F.3d 745, 753 (4th Cir. 1996) (citation omitted), *abrogated on other grounds by Bostock v. Clayton Cnty.*, 590 U.S. 644 (2020).

Because Plaintiff has not alleged severe or pervasive unwelcome conduct based on his protected status, his Title VII claim must be dismissed.

**C. ADA Violation**

Plaintiff next asserts reasonable accommodation and discrimination claims under the Americans with Disabilities Act ("ADA"). His SAC, however, is devoid of any specific facts to substantiate those claims. Plaintiff does not describe the nature of his alleged disability, the specific accommodations he requested, or the nature of the unspecified discrimination he alleges to have occurred. As the Supreme Court stated in *Iqbal*, a complaint does not suffice where it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" 556 U.S. at 677–78 (quoting *Twombly*, 550 U.S. at 557). Plaintiff's ADA claims therefore must be dismissed.[3]

**D. Retaliation and Wrongful Termination**

Plaintiff's SAC does not specify the legal basis underlying these claims. Plaintiff could intend statutory retaliation claims pursuant to either Title VII or the ADA or, alternatively, a state law claim for wrongful termination. To the extent they are Title VII or ADA claims, they cannot be maintained against Wellman for the reasons described above. And Plaintiff has not identified protected activity pursuant to either statute on which to premise a Title VII or ADA retaliation claim against SF. *See Perkins v. Int'l Paper Co.*, 936 F.3d 196, 213 (4th Cir. 2019).

If he intended a state law tort claim for wrongful termination, an employee must allege, in relevant part, that the basis for his discharge violated some clear mandate of public policy. *See*

[3] Additionally, as with Title VII, supervisors are not liable in their individual capacities for violations of the ADA. *See Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) ("Because Title VII does not authorize a remedy against individuals for violation of its provisions, and because Congress has made the remedies available in Title VII applicable to ADA actions, the ADA does not permit an action against individual defendants . . . for conduct protected by the ADA.")

*Shapiro v. Massengill*, 105 Md. App. 743, 764 (1995). Plaintiff has included no such allegations or explanations as to the basis of his claim. This claim too, then, is subject to dismissal.

## IV. CONCLUSION

For the second time, this Court is dismissing Plaintiff's complaint for failure to state a claim, largely because Plaintiff is not (1) specifically identifying the basis for his legal claims and (2) providing enough factual allegations to permit this Court to determine whether those legal claims are plausible. Because Plaintiff is self-represented, this Court will one last time dismiss the claims without prejudice and close this case, subject to reopening should he file a motion for leave to amend within thirty days. If further amendment is authorized, however, it will be the final opportunity to state a claim, so Plaintiff should be certain any future iteration of the complaint contains all of the facts relevant to his claims for relief. A separate Order follows, which will grant the motion for leave to file a surreply, grant the motion to dismiss, and close this case.

Dated: October 26, 2026

/s/
Stephanie A. Gallagher
United States District Judge